Katherine A. Preston (State Bar No. 24088255)
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, Texas 77002
T: (713) 651-2600
F: (713) 651-2700
kpreston@winston.com


*COUNSEL FOR DEBTORS AND*
*DEBTORS IN POSSESSION*

Timothy W. Walsh (admitted *pro hac vice*)
James T. Bentley (admitted *pro hac vice*)
Emma Fleming (admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
T: (212) 294-6700
F: (212) 294-4700
twwalsh@winston.com
jbentley@winston.com
efleming@winston.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| | ) | |
| FORE MACHINE, LLC, et al. [1] | ) | Case No. 22-40487 |
| | ) | |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |

**COVER SHEET FOR AMENDED FIRST AND FINAL FEE APPLICATION OF**
**WINSTON & STRAWN LLP AS COUNSEL TO THE DEBTORS AND**
**DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION**
**FOR SERVICES AND REIMBURSEMENT OF EXPENSES FOR THE**
**PERIOD FROM MARCH 7, 2022, THROUGH OCTOBER 4, 2022**

| | |
|---|---|
| **Application of:** | Winston & Strawn LLP |
| **Capacity:** | Counsel for Debtors and Debtors in Possession |
| **Time Period:** | March 7, 2022, through October 4, 2022 |
| **Bankruptcy Petition Filed on:** | March 7, 2022 |
| **Date of Entry of Retention Order:** | April 6, 2022, effective as of March 7, 2022 |
| **Status of Case:** | Confirmed, the Reorganizing Plan went effective on June 8, 2022. The Liquidating plan went effective on October 4, 2022. |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Fore Machine, LLC (1850), Fore Aero Holdings, LLC (2671), Fore Capital Holding, LLC (2920), and Aero Components, LLC (8616). The service address for Fore Aero Holdings, LLC, Fore Machine, LLC, and Fore Capital Holding, LLC is: c/o Stretto, 410 Exchange, Suite 100, Irvine, California 92602. The service address for Aero Components, LLC is 5124 Kaltenbrun Rd., Fort Worth, Texas 76119.

**Amount Requested:**
Application Period Fees: $2,208,911.25
Expenses: $43,908.76
Post Effective Date Fees: $20,000
**Total: $2,272,820.01**

**Reductions:**
Voluntary Fee Reductions: $202,562.50[2]
Voluntary Expense Reductions: $0.00
**Total Reductions: $202,562.50**

**Draw Down Request**
Retainer Received: $500,000.00
Previous Draw Down(s): $490,000.00
Remaining Retainer (now): $10,000.00
Requested Draw Down: $10,000.00
Retainer Remaining (after): $0.00

**Expense Detail:**
Copies - 80 cents per color copy and 8 cents per black and white copy; $1,371.60 total[3]
Fax - per page cost and total: N/A
Computer Research: $13,844.14
Transcript Fees: $10,507.46
All Other Expenses: $18,185.56[4]

| **Hourly Rates:** | **Attorney:** | **Paralegal:** |
| --- | --- | --- |
| Highest Billed Rate: | $1,385.00 | $640.00 |
| Total Hours Billed: | 2,128.05 | 360.70 |
| Blended Rate: | $1,076.22 /hour | $338.69/hour |

---

[2] More detail regarding this reduction is set forth in Paragraph 32 of the Application.

[3] See Exhibit D, line items "Color Copies" and "Document Imaging & OCR."

[4] See Exhibit E for all other Expenses incurred.

Katherine A. Preston (State Bar No. 24088255)
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, Texas 77002
T: (713) 651-2600
F: (713) 651-2700
kpreston@winston.com


***COUNSEL FOR DEBTORS AND
DEBTORS IN POSSESSION***

Timothy W. Walsh (admitted *pro hac vice*)
James T. Bentley (admitted *pro hac vice*)
Emma Fleming (admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
T: (212) 294-6700
F: (212) 294-4700
twwalsh@winston.com
jbentley@winston.com
efleming@winston.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 |
| | ) |
| | ) Case No. 22-40487 |
| FORE MACHINE, LLC, et al.[1] | ) |
| | ) (Jointly Administered) |
| | ) |
| Debtors | ) Hearing Date: November 10, 2022 at |
| | ) 1:30 p.m. (CST) |

**AMENDED FIRST AND FINAL FEE APPLICATION OF
WINSTON & STRAWN LLP AS COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION
FOR SERVICES AND REIMBURSEMENT OF EXPENSES FOR THE
<u>PERIOD FROM MARCH 7, 2022, THROUGH OCTOBER 4, 2022</u>**

Winston & Strawn LLP ("<u>Winston</u>") as counsel to the above-captioned debtors and debtors

in possession (collectively, the "<u>Debtors</u>") hereby files its amended first and final fee application

(the "<u>Application</u>"), amending Winston's final fee application filed on October 7, 2022 [Docket

No. 602] ("<u>Winston's Initial Fee Application</u>"), pursuant to (i) sections 330 of title 11 of the United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Fore Machine, LLC (1850), Fore Aero Holdings, LLC (2671), Fore Capital Holding, LLC (2920), and Aero Components, LLC (8616).  The service address for Fore Aero Holdings, LLC, Fore Machine, LLC, and Fore Capital Holding, LLC is:  c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.  The service address for Aero Components, LLC is 5124 Kaltenbrun Rd, Fort Worth, Texas 76119.

States Code, 11 U.S.C.§101-1532, *et seq.* (the "Bankruptcy Code"), (ii) Rule 2016(a) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-1 of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

Northern District of Texas (the "Local Bankruptcy Rules"), (iv) the *Order Establishing*

*Procedures for Monthly and Interim Compensation and Reimbursement of Expenses of Retained*

*Professionals* (the "Interim Compensation Order") [Docket No. 206], (v) the *First Amended*

*Liquidating Debtors' Joint Chapter 11 Plan of Liquidation for Liquidating Debtors Fore Aero*

*Holdings, LLC, Fore Machine, LLC and Fore Capital Holding, LLC* dated May 7, 2022 [Docket

No. 400, Ex. A] (as modified by the *Order Granting Liquidating Debtors' Motion to Modify*

*Confirmed Plan*, entered on September 2, 2022, [Docket No. 568], the "Liquidating Plan")[2]; (vi)

the *First Amended and Restated Aero Components, LLC's Chapter 11 Plan of Reorganization*

dated May 7, 2022 [Docket No. 401, Ex. A] (the "Reorganizing Plan"), for Allowance of

Compensation and Reimbursement of Expenses. By this Application, Winston seeks: (i) final

approval of $2,208,911.25 in fees (which reflects an agreed upon reduction with the Lenders of

$202,562.50 in Winston's fees) and $43,908.76 in expenses (the "Application Period Fees")

incurred from March 7, 2022, through October 4, 2022 (the "Application Period"), as well as the

allowance of and approval of actual fees and expenses in the amount of $20,000.00 (the "Post-

Effective Date Fees,"[3] and together with the Application Period Fees, the "Requested Fees") for

services rendered after the Application Period (the "Post-Effective Date Period"), (ii) authorization

to draw down the $10,000.00 balance remaining in Winston's retainer to apply to Requested Fees,

and (iii) payment, first from the $10,000.00 retainer balance and subsequently from the

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Interim Compensation Order or the Liquidating Plan, as applicable.

[3] An invoice for the actual Post-Effective Date Fees was served to the required notice parties on November 9, 2022.

Reorganized Debtor (as defined in the Reorganizing Plan) pursuant to the terms of the Liquidating

Plan, of the balance of $844,211.48 in fees and $2,442.29 in expenses that were incurred but

unpaid[4] during the Application Period and for the Post-Effective Date Fees, which results in a total

balance due of $856,653.77 (after application of the retainer balance). In support of this

Application, Winston submits the declaration of Timothy W. Walsh, a partner at Winston (the

"Walsh Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference:

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Northern District of Texas (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334.  This is a

core proceeding pursuant to 28 U.S.C. section 157(b).

2.      Venue is proper pursuant to 28 U.S.C. sections 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 330 and 331 of title

11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure, and Rule 2016-1 of the Local Bankruptcy Rules of the United States

Bankruptcy Court for the Northern District of Texas.

### Background

4.      On March 7, 2022 (the "Petition Date"), each Debtor commenced a case by filing

a petition for relief under chapter 11 of the Bankruptcy Code.  The cases were consolidated for

procedural (and not substantive) purposes and were jointly administered under the case number

assigned to Fore Machine, LLC ("Machine"), Case No. 22-40487 (the "Bankruptcy Cases").  A

detailed description of the facts and circumstances of the chapter 11 cases is set forth in the

---

[4] Expenses have been incurred but unpaid because the monthly fee applications for the months of August, September, and October were not served upon the Notice Parties (as defined in the Interim Compensation Order) prior to the filing of this Application.

*Declaration of Jens Verloop, Debtors' Chief Financial Officer, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), [Docket No. 11] filed on the Petition Date and incorporated by reference herein.

5.      On the Petition Date, the Debtors filed their *Application for Entry of an Order Authorizing the Retention and Employment of Winston & Strawn LLP as Attorneys for the Debtors and Debtors in Possession, Effective as of March 7, 2022* [Docket No. 22] (the "Retention Application").

6.      On April 6, 2022, the Court entered its *Order Authorizing the Retention and Employment of Winston & Strawn LLP as Attorneys for the Debtors and Debtors in Possession, Effective as of March 7, 2022* [Docket No. 204].

7.      On March 18, 2022, the Official Committee of Unsecured Creditors (the "Committee") was appointed by the Office of the United States Trustee for the Northern District of Texas (the "U.S. Trustee") to serve solely in Machine's bankruptcy case.  No trustee or examiner was appointed in these Bankruptcy Cases.

8.      On May 16, 2022, the Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving Liquidating Debtors' Joint Disclosure Statement on a Final Basis and (II) Confirming Liquidating Debtors' Joint Chapter 11 Plan of Liquidation* [Docket No. 400] (the "Liquidating Confirmation Order"), thereby confirming the Liquidating Plan.

9.      On May 16, 2022, the Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving Aero Components LLC's Disclosure Statement on A Final Basis and (II) Confirming Aero Components LLC's Chapter 11 Plan of Reorganization* [Docket No. 401] (the "Aero Confirmation Order"), thereby confirming the Reorganizing Plan.

10.      On June 8, 2022, the Reorganizing Plan became effective (the "Aero Effective Date"). [Docket No. 455].

11.      On October 4, 2022, the Liquidating Plan became effective (the "Liquidating Plan Effective Date"). [Docket No. 599].

### Summary of Professional Compensation

12.      Pursuant to the Interim Compensation Order, Winston served Monthly Fee Statements (as defined in the Interim Compensation Order) upon the Notice Parties (as defined therein) every month through July 2022 seeking payment of interim compensation for services rendered and reimbursement of expenses incurred during the preceding monthly period.  If no objections were raised within 14 days following service of the Fee Statement (and none were), the Debtors were authorized and directed to pay Winston an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Fee Statement that were not subject to an objection.  The Debtors only paid 80% of the fees and 100% of the expenses reflected in the Monthly Fee Statements.  Copies of the Monthly Fee Statements submitted to the Debtors, and the invoices for services that were included in the Monthly Fee Statements, are attached hereto, and incorporated herein by reference, and are summarized below as follows:

| Period Covered | Fees | Expenses | Total Compensation Sought | Total Paid | Remaining Outstanding Balance |
|---|---|---|---|---|---|
| March 7, 2022 - March 31, 2022 | $380,540.00 | $1,540.37 | $382,080.37 | $305,972.37 | $76,108.00 |
| April 1, 222 – April 30, 2022 | $680,419.50 | $23,800.49 | $704,219.99 | $568,136.09 | $136,083.90 |
| May 1, 2022 – May 31, 222 | $466,793.00 | $13,989.78 | $480,782.78 | $387,424.18 | $93,358.60 |
| June 1, 2022 – June 30, 2022 | $343,074.50 | $2,135.83 | $345,210.33 | $144,633.60 | $200,576.73 |
| July 1, 2022 – July 31, 2022 | $172,838.00 | $960.20 | $173,798.20 | $0.00 | $173,798.20 |
| August 1, 2022 – August 31, 2022 | $192,656.50 | $528.34 | $193,184.84 | $0.00 | $193,184.84 |
| September 1, 2022-September 30, 2022 | $151,774.25 | $953.75 | $152,728.00 | $0.00 | $152,728.00 |
| October 1-October 4, 2022 | $23,378.00 | $0.00 | $23,378.00 | $0.00 | $23,378.00 |
| *Sub-total of Fee Statements* | **$2,411,473.75** | **$43,908.76** | **$2,455,382.51** | **$1,406,166.24** | **$1,049,216.27** |
| *Voluntary fee and expense reductions taken during the Application Period* | **$202,562.50** | | | | |
| *Sub-total After Effectuating voluntary fee and expense reductions taken during the Application Period* | **$2,208,911.25** | **$43,908.76** | **$2,252,820.01** | **$1,406,166.24** | **$846,653.77** |
| | | | | | |
| *Sub-total of Fees and Expenses Incurred for which Fee Statements were not Submitted* | **$20,000.00** | **$0.00** | **$20,000.00** | **$0.00** | **$20,000.00** |
| *TOTAL Fees and Expenses* | *$2,228,911.25* | *$43,908.76* | *$2,272,820.01* | *$1,406,166.24* | *$866,653.77* |

13.     By this Application, Winston seeks approval and allowance on a final basis of compensation in the amount of $2,208,911.25 for professional services rendered, and reimbursement of actual and necessary expenses in the amount of $43,908.76 incurred, during the Application Period.  Winston also seeks final approval and allowance of compensation in the amount of $20,000 for professional services rendered during the Post-Effective Date Period pursuant to the Interim Compensation Order, and as detailed in the chart above.

14.     The Application is supported by the following Exhibits, which are attached hereto and patterned on the *United States Trustee Appendix B—Guidelines for Reviewing Applications*

*for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys*

*in Larger Chapter 11 Cases* (the "<u>UST Guidelines</u>"):

a.  <u>Exhibit A</u> is the *Declaration of Timothy W. Walsh in Support of the Amended First and Final Application of Winston & Strawn LLP as Counsel to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period March 7, 2022, Through October 4, 2022.*

b.  <u>Exhibit B</u> contains a summary schedule of the time expended by all Winston professionals and paraprofessionals engaged in the representation of the Debtors during the Application Period.

c.  <u>Exhibit C</u> contains a summary schedule of the aggregate amount of time and fees expended during the Application Period in connection with each billing category.

d.  <u>Exhibit D</u> contains a summary schedule of the actual and necessary expenses incurred by Winston during the Application Period in connection with rendering services to the Debtors.  All such expenses are reflected in the books and records of Winston, contemporaneously maintained in the ordinary course of business.

e.  <u>Exhibit E</u> contains the invoices for the Application Period (the "<u>Invoices</u>"), showing the itemized services rendered by Winston to the Debtors during the Application Period, broken out by specific project category and reflecting the name of the professional rendering the service, the service provided, the professional's billing rate and the amount of time expended on the service recorded in tenths (1/10) of an hour.  The Invoices were compiled from the contemporaneous time records maintained by Winston in the ordinary course of its business.  The reflected rates are those customarily charged by Winston to its non- bankruptcy clients.[5]

f.  <u>Exhibit F</u> contains a Notice of Errata pertaining to a clerical error in Exhibit B to Winston's Retention Application.

g.  <u>Exhibit G</u> contains the invoice for the Post-Effective Date Period (the "<u>Post-Effective Date Invoice</u>"), showing the itemized services rendered by Winston in the preparation of this Application, reflecting the name of the professional rendering the service, the service provided, the professional's billing rate and the amount of time expended on the service recorded in tenths (1/10) of an hour.  The Post-Effective Date Invoice was compiled from the contemporaneous time records maintained by Winston in the ordinary course of its business.  The reflected rates are those customarily charged by Winston to its non- bankruptcy clients.

---

[5] The invoices attached as Exhibit E contain certain redactions that were made to preserve attorney/client privilege, work product doctrine, and similar protections. Unredacted invoices can be provided to the Court upon request.  The figures in the invoices were not adjusted to include the total of $202,562.50 in voluntary fee and expense reductions agreed to during the Application Period and Post Effective Date Period.

15.    The average hourly rate for professional services rendered by Winston during the Application Period was $958.09. The average hourly rate for paraprofessionals was $333.33 during the Application Period.[6]

16.    In accordance with section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(a), there is no agreement or understanding between Winston and any other person, other than the members of Winston, for the sharing of compensation to be received for services rendered in this Chapter 11 Case.  Further, no agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Winston.

**<u>Services Rendered During the Application Period</u>**

17.    Winston respectfully submits that its services have provided a benefit to the Debtors.  Set forth below are descriptions of the services rendered by Winston on the Debtors' behalf, on a category-by-category basis.  If a task code does not appear below, then Winston did not bill significant time for that task code during the Compensation Period.[7]

    a.    <u>Case Administration (B110)</u> Fees: $153,252.50; Hours: 265.50

        −    Tasks necessary to ensure the efficient and smooth administration of legal services related to the Debtors' chapter 11 cases.

        −    Filing of numerous motions, declarations, notices, proposed orders, agendas, exhibits, and schedules, as applicable.

        −    Communications regarding case status and strategy.

    b.    <u>Asset Disposition (B130)</u> Fees: $220,898.00; Hours: 193.50

        −    Preparing and receiving approval of the bidding procedures.

---

[6] The figures presented herein were not adjusted to include the total of $202,562.50 in voluntary fee and expense reductions taken during the Application Period.

[7] The figures presented herein were not adjusted to include the total of $202,562.50 in voluntary fee and expense reductions agreed to during the Application Period and Post Effective Date Period.

– Preparing for, organizing, negotiating, and participating in numerous conferences with the Debtors and potential liquidators regarding the marketing and sale process.

– Preparing for, negotiating, and participating in the management of the auction resulting in the sale of substantially all of the Liquidating Debtors' assets.

– Preparing for, negotiating, and participating in several hearings regarding approval of the auction and the sale to Bell Textron Inc. of the sale of substantially all of the Liquidating Debtors' assets.

– Preparing for and participating in the hearing for approval of the motion to abandon the remaining property of the Liquidating Debtors.

c. <u>Meetings of and Communications with Creditors (B150)</u> Fees: $28,115.50; Hours: 20.30

– Communications with numerous individual creditors and the Debtors regarding creditor inquiries.

– Communications with the secured lenders and Committee throughout the chapter 11 cases.

d. <u>Fee/Employment Applications (B160)</u> Fees: $147,755.50; Hours: 222.30

– Preparing and filing retention application for Winston.

– Reviewing invoices regarding privilege and compliance with applicable guidelines and rules.

– Preparing Winston's fee applications.

– Facilitating the Debtors' retention of various professionals other than Winston.

– Reviewing and analyzing fee applications for professionals other than Winston.

– Reviewing certain ordinary course professionals' declarations of disinterestedness.

e. <u>Assumption/Rejection of Leases and Contracts (B185)</u> Fees: $16,712.50; Hours: 16.00

– Reviewing and analyzing issues in connection with certain executory contracts and unexpired leases, including the lease for

9

certain real property located on Eden Drive, Fort Worth, Texas, that had been leased by Machine and was rejected pursuant to *Order Granting Emergency Motion For Entry of An Order Under Section 365 of the Bankruptcy Code (I) Authorizing the Liquidating Debtors to Reject their Unexpired Commercial Real Property Lease; and (II) Granting Related Relief* [Docket No. 524].

f.   <u>Other Contested Matters (excluding assumption/rejection motions) (B190)</u>
Fees: $512,048.00; Hours: 457.40

– Researching and drafting responses to various stakeholder objections throughout the chapter 11 cases.

– Conferencing with the Debtors, their advisors, and certain parties in interest, including, without limitation, the DIP Lenders and Prepetition Lenders, regarding the status of litigation matters and discovery requests.

– Preparing for and participating in numerous contested hearings.

– Identifying, collecting, and processing documents for review and potential production regarding contested matters through the chapter 11 cases.

– Preparing for, taking, and defending depositions.

– Answering interrogatories.

– Negotiating numerous settlements of contested matters throughout the Debtors' chapter 11 cases.

– Preparing for and participating in adversary proceeding filed by Fore Machine Inc. ("<u>FCI</u>").

g.   <u>Non-Working Travel (B195)</u> Fees: $16,426.00; Hours: 27.90
– Travel to and from Fort Worth for confirmation hearing.

h.   <u>Business Operations (B210)</u> Fees: $23,665.00; Hours: 20.70

– Assisting the Debtors with analyzing, reviewing, and addressing issues regarding the daily operations of the Debtors' business as debtor-in-possession.

i.   <u>Financing/Cash Collection (B230)</u> Fees: $8,525.00; Hours: 7.90

– Preparing for and receiving approval of debtor-in-possession financing facility (the "<u>DIP Facility</u>").

– Corresponding with parties in interest regarding the DIP Facility and cash collateral.

j. <u>Tax Issues (B240)</u> Fees: $30,207.00; Hours: 26.00

– Analyzing certain tax issues arising in connection with the Debtors' business operations and proposed transactions.

k. <u>Board of Directors Matters (B260)</u> Fees: $11,138.00; Hours: 8.70

– Analyzing certain issues related to the Debtors' directors and officers arising in connection with the chapter 11 cases, including with respect to the Debtors' director and officer liability insurance and the director and officer releases under the chapter 11 plans.

l. <u>Claims Administration and Objections (B310)</u> Fees: $81,522.50; Hours: 87.30

– Drafting motion to establish claims bar date.

– Preparing for and participating in the hearing regarding FCI claim objections.

m. <u>Plan and Disclosure Statement (including Business Plan) (B320)</u> Fees: $1,017,433.75; Hours: 966.95

– Preparing for and participating in the hearing regarding chapter 11 plans and disclosure statements.

– Drafting and filing a memorandum of law in support of final approval of the disclosure statements and confirmation of the plans.

– Corresponding with parties in interest regarding the chapter 11 plans.

– Preparing for hearing on final approval of the disclosure statements and confirmation of the chapter 11 plans.

– Preparing and filing supplements to the chapter 11 plans and disclosure statements.

n. <u>General Bankruptcy Advice/Opinions (B410)</u> Fees: $90,842.50; Hours: 125.30

– Preparing numerous pleadings, notices, proposed orders, agendas, exhibits, and schedules, as applicable.

11

         –      Performing required research to support pleadings and arguments made throughout these cases.

    o.    <u>Restructurings (B420)</u> Fees: $49,220.50; Hours: 40.20

         –      Analyzing and conferring with various case professionals regarding plan confirmation and post confirmation issues.

### Standard for Allowance of Fees and Expenses

23.    Section 330 of the Bankruptcy Code authorizes the Court to award an applicant, as counsel for a trustee, debtor, creditors' committee or other professional employed pursuant to 11 U.S.C. § 327, reasonable compensation for its services and reimbursement of its expenses. Specifically, section 330 of the Bankruptcy Code states as follows:

(a)(1)    After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103 —

(A)    reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)    reimbursement for actual, necessary expenses.

11 U.S.C. §330(a)(1).

24.    Section 330(a)(3) of the Bankruptcy Code provides that in determining the amount of reasonable compensation to be awarded, the Court should consider the nature, extent and value of the services rendered to the estate, taking into account all relevant factors, including —:

(A)    the time spent on such services;

(B)    the rates charges for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(3).

25.    Pursuant to the criteria set forth in section 330(a)(3) of the Bankruptcy Code, and the decisions of the United States Court of Appeals for the Fifth Circuit in *In re Lawler*, 807 F.2d 1207 (5th Cir. 1987), *Cooper Liquor, Inc. v. Adolph Coors Co*., 684 F.2d 1087 (5th Cir. 1982), *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), and *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974), Winston requests that the Court consider the factors set forth below in determining the amount of compensation that is reasonable for Winston's services in this case.  As analyzed below, Winston believes that the elements governing awards of compensation justify the allowance prayed for herein.

(a)    <u>Time and Labor Spent on Services</u>. As more specifically described in the Application, a total of 2,488.75 hours of professional services were rendered by Winston on behalf of the Debtors during the Application Period. Winston respectfully submits that its time spent performing services for the Debtors were reasonable.  Winston's records of the time expended for rendition of professional services to the Debtors, as well as for rendition of services to all of Winston's other clients, consist of handwritten or computer-generated time entries by individual attorneys and paraprofessionals which have been placed in computer records maintained by Winston.  All professionals rendering services in the case have made a deliberate effort to avoid any unnecessary duplication of work and time expended. When more routine tasks were involved, Winston utilized the talents of its less-experienced attorneys or paraprofessionals to reduce the overall fees in this matter without sacrificing the quality of services rendered.

(b)    <u>Rates Charged for the Services</u>. Winston represents and would demonstrate that the hourly rates charged by Winston for the services performed in these proceedings are competitive and customary for the degree of skill and expertise required in the

13

performance of similar services rendered by other experienced bankruptcy counsel and other professionals in matters of this type.  The fees requested herein have been computed in accordance with Winston's standard hourly rates for services rendered to non-insolvency clients.  The average hourly rate for professional services (attorneys only) performed and billed by Winston during the Application Period was $958.09. Winston's average hourly rate for paraprofessionals was $333.33 for the Application Period.[8]

(c)   <u>Necessity and Benefit of the Services</u>. Winston respectfully submits that its services to date have been necessary and beneficial to the bankruptcy estate and the Debtors' creditors.  As detailed above, Winston's efforts during the Application Period were in furtherance of the Debtors' discharge of their fiduciary duties and their overall restructuring efforts, including but not limited to (i) drafting various first day pleadings and notices during the initial days of this case, (ii) negotiating and obtaining confirmation of the chapter 11 plans, and (iii) communicating and negotiating with various constituencies to ease the Debtors' transition into chapter 11.

(d)   <u>Whether the Services Were Performed Within a Reasonable Time in Light of the Nature, Complexity and Importance of the Issues Addressed</u>. Winston has not undertaken any unimportant tasks in this Bankruptcy Case.  The bankruptcy issues presented, involving two plans, two disclosure statements, and contested hearings throughout the case considering objections from creditors and other parties in interest have been novel or complex for this size of a bankruptcy case.

(e)   <u>Skill and Experience in the Bankruptcy Field</u>. The skills of Winston in these Bankruptcy Cases were important in order to avoid higher costs to the Debtor. Winston has represented all types of entities in reorganization cases within and outside the State of Texas and believes and hopes that Winston enjoys a good reputation as an efficient, experienced, and capable bankruptcy counsel.  Winston submits that, with the experience and seniority of its various attorneys, it has effectively and efficiently met the requirements of the necessary legal services. Thus, Winston believes it has provided great assistance to the Debtors due to Winston's skill and experience in the areas of law that this case has encompassed. Although none of the attorneys who worked on this matter are board certified, each is a skilled and experienced practitioner in bankruptcy matters.

(f)   <u>Whether Compensation Is Reasonable</u>. Winston represents that the compensation sought in connection with the services rendered and expenses incurred in connection with this case during the Application Period are reasonable and commensurate with those rates charged by comparable, skilled practitioners at national and Texas-based law firms handling matters of this type.   Each professional at Winston who rendered services to the Debtors, the hourly billing

---

[8] The average hourly rates for professional and paraprofessional services presented in this paragraph were not adjusted to include the total of $202,562.50 in voluntary fee and expense reductions agreed to during the Application Period and Post Effective Date Period.

rate for each individual, and the number of hours worked by the individuals during the Application Period is set out in the summary included in the front of this Application. Taking into consideration the time and labor spent, the nature and extent of the representation and the nature of these proceedings, Winston believes the allowance sought herein is reasonable, in light of the rates charged, the services performed, and the results achieved.

(g)     <u>Preclusion from Other Employment</u>. The representation of the Debtors in these Bankruptcy Cases has prevented Winston from seeking to undertake employment in other matters, because of the time required to represent chapter 11 debtors and the disputes with various parties in interest.

(h)     <u>Fixed or Contingent Fees</u>. The fees for Winston's services are fixed rates based on the time spent in this case. At all times, however, Winston's compensation has been and continues to be contingent upon the availability of sufficient assets and funds in the estate, the priority position of various creditor groups, and the ultimate determination of this Court.

(i)     <u>Time Limitations Imposed by Client and Other Circumstances</u>. The only time limitations imposed on Winston were those imposed by Court order, the Local Rules, the Bankruptcy Rules, or that were otherwise existing at the time of Winston's retention.

(j)     <u>Results Achieved</u>. The result of Winston's efforts has been two separate confirmed plans and disclosure statements, the efficient liquidation of the Liquidating Debtors and the effective reorganization of Aero.

(k)     <u>The Undesirability of the Case</u>. While these Bankruptcy Cases have been extraordinarily complex for their size, this representation was not undesirable.

(l)     <u>The Nature and Length of the Professional Relationship with the Debtors</u>. As previously disclosed in the Retention Application and the affidavit filed by Winston, prior to its employment, Winston had no prior connection with the Debtors or with any of their creditors, other than those disclosed therein.

27.     In addition, Winston was prudent in its expenditure of time and money, to ensure that neither resources nor value was squandered. Winston respectfully submits that, based upon the objective and subjective factors, the fees sought herein are reasonable.

28.     A reasonable hourly rate is the prevailing market rate in the community for similar services rendered by attorneys of comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Winston respectfully submits that its rates are generally comparable to

those of other firms of a similar size with comparable bankruptcy practices and similar expertise

that have a national presence, as well as presence in the Northern District of Texas.

29.     Winston has done its best to minimize the number of professionals and

paraprofessionals working on this case to ensure that this case proceeded smoothly, expeditiously

and in a cost effective and efficient manner.

30.     Accordingly, for all the above reasons, Winston respectfully submits that the

Requested Fees sought in this Application are reasonable under section 330 of the Bankruptcy

Code and applicable case law standards and should be awarded in full.

## Summary of Expenses

31.     Winston has incurred actual expenses on the Debtor's behalf in the amount of

$43,908.76 during the Application Period, as set forth in **Exhibit D**. Records for overnight

delivery, other air freight and messenger services, postage, computer research and other expenses

are those charged to Winston and maintained by Winston's accounting personnel. There is no

minimum dollar charge with respect to any expense item and the charges set forth are those charged

routinely to other clients. With respect to in-house photocopying charges, Winston charges 8¢ per

page for black and white photocopies and 80 cents per page for color photocopies. These charges

are intended to cover Winston's costs for the services; Winston does not believe that the charges

constitute a profit. A determination of the actual expense per page for photocopying services is

dependent on both the volume of copies or facsimiles and the total expense attributable to

photocopying and facsimiles on an annual basis. Outside copy service charges, delivery expenses

and computer research time are billed at actual rates charged to Winston. Postage is charged at the

actual rate charged by the U.S. Postal Service or at any lesser rate charged to Winston by Winston's

postal vendor(s).

### **Fee Reduction**

32.     On August 24, 2022, Winston entered into an agreement (the "Agreement") with NewSpring Mezzanine Capital III, L.P. ("Newspring") and Southfield Mezzanine Capital LP ("Southfield" and together with Newspring, the "Lenders"). Pursuant to the Agreement, Winston agreed to cap the fees and expenses that it seeks for services rendered in the Bankruptcy Cases of the Debtors through July 31, 2022, at $1,940,529.17.  This amount equated to a $145,562.50 reduction in Winston's fees and expenses through July 31, 2022.  In return, the Lenders agreed, among other things, not to object to the allowance of Winston's fees and expenses through July 31, 2022, under the Bankruptcy Code, including pursuant to Section 330, or support any objection to such fees in the Bankruptcy Cases.  Winston conferred with the United States Trustee who indicated that she did not object to the Agreement to reduce Winston's fees.  On October 26, 2022, the Lenders filed their *Preliminary Response to First and Final Fee Application of Winston and Strawn LLP* [Docket No. 608], pursuant to which the Lenders informed the Court that the Lenders and Winston have been engaged in good faith negotiations to resolve certain objections of the Lenders to Winston's Initial Fee Application.  As a result of those negotiations, Winston has agreed to an additional $57,000.00 reduction in its fees.  Accordingly, Winston has agreed to voluntarily reduce its fees incurred during the Application Period by $202,562.50.

### **Notice**

33.     As required under the Interim Compensation Order, the Application will be served on the Notice Parties (as defined in the Interim Compensation Order).  Moreover, notice of the objection deadline and hearing on this Application, if any, will be served on all parties that have requested notice in the Bankruptcy Cases pursuant to Bankruptcy Rule 2002.

### **No Prior Request**

34.     No prior request for the relief sought in the Application has been made to this or
any other court.

## Conclusion

**WHEREFORE**, Winston respectfully requests this Court enter an Order (i) allowing and approving final compensation to Winston of $2,208,911.25 for services rendered to the Debtors during the Application Period, as well as allowing and approving $20,000.00 in actual Post-Effective Date Fees; (ii) allowing and approving reimbursement to Winston of $43,908.76 in expenses incurred in connection with services rendered for the Debtors during the Application Period; (iii) authorizing Winston to apply the remaining $10,000.00 of its retainer balance toward outstanding Requested Fees; (iv) after the application of the remaining retainer balance, directing the Reorganized Debtor (as defined in the Reorganizing Plan) to pay Winston the balance due of $846,653.77 in Requested Fees, plus, upon presentation of finalized invoices, the Post-Effective Date Fees, pursuant to the timetable set forth on the record at the hearing; and (v) granting Winston such other and further relief as may be just and proper.

Dated: November 9, 2022
Houston, Texas

**WINSTON & STRAWN LLP**

*/s/ Katherine A. Preston*

Katherine A. Preston (TX Bar No. 24088255)
800 Capitol St., Suite 2400
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700
Email: kpreston@winston.com

and

Timothy W. Walsh (admitted *pro hac vice*)
James T. Bentley (admitted *pro hac vice*)
Emma Fleming (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Email: twwalsh@winston.com
Email: jbentley@winston.com
Email: efleming@winston.com

*Counsel to the Debtors and Debtors in Possession*