# **EXHIBIT A**

# **WALSH DECLARATION**

1

| | |
|---|---|
| Katherine A. Preston (State Bar No. 24088255) | Timothy W. Walsh (admitted *pro hac vice*) |
| **WINSTON & STRAWN LLP** | James T. Bentley (admitted *pro hac vice*) |
| 800 Capitol Street, Suite 2400 | Emma Fleming (admitted *pro hac vice*) |
| Houston, Texas 77002 | **WINSTON & STRAWN LLP** |
| T: (713) 651-2600 | 200 Park Avenue |
| F: (713) 651-2700 | New York, NY 10166-4193 |
| kpreston@winston.com | T: (212) 294-6700 |
| | F: (212) 294-4700 |
| | twwalsh@winston.com |
| | jbentley@winston.com |
| ***COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION*** | efleming@winston.com |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| FORE MACHINE, LLC, et al.[1] | ) | Case No. 22-40487 |
| | ) | |
| Debtors | ) | (Jointly Administered) |

**DECLARATION OF TIMOTHY W. WALSH IN SUPPORT OF THE AMENDED FIRST AND FINAL APPLICATION OF WINSTON & STRAWN LLP AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD MARCH 7, 2022, THROUGH OCTOBER 4, 2022**

I, Timothy W. Walsh, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner of the firm, Winston & Strawn LLP ("Winston"), with responsibility for the chapter 11 cases (the "Bankruptcy Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Fore Machine, LLC (1850), Fore Aero Holdings, LLC (2671), Fore Capital Holding, LLC (2920), and Aero Components, LLC (8616). The service address for Fore Aero Holdings, LLC, Fore Machine, LLC, and Fore Capital Holding, LLC is: c/o Stretto, 410 Exchange, Suite 100, Irvine, California 92602. The service address for Aero Components, LLC is 5124 Kaltenbrun Rd., Fort Worth, Texas 76119.

1

2. I am the lead attorney from Winston working on the Bankruptcy Cases. I am a member in good standing of the State Bar of New York, and I have been admitted *pro hac vice* to practice in the United States Bankruptcy Court for the Northern District of Texas in these Bankruptcy Cases. *See* Docket No. 30. There are no disciplinary proceedings pending against me.

3. I submit this declaration ("Declaration") in support of the *Amended First and Final Application of Winston & Strawn LLP as Counsel to the Debtors and Debtors in Possession for Allowance of Compensation for Services and Reimbursement of Expenses for the Period March 7, 2022, through October 4, 2022* (the "Application")[2]. To the best of my knowledge, information, and belief, the statements contained in the Application are true and correct. In addition, I believe that the Application complies with Local Rule 2016-1 and the *United States Trustee Appendix B— Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines").

4. In connection with the UST Guidelines, Winston responds to the questions identified therein as follows:

> **Question 1**: Did Winston agree to any variations from, or alternatives to, Winston's standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Compensation Period? If so, please explain.
>
> **Answer**: Winston confirms that on August 24, 2022, Winston entered into an agreement (the "Agreement") with NewSpring Mezzanine Capital III, L.P. ("NewSpring") and Southfield Mezzanine Capital LP ("Southfield" and together with NewSpring, the "Lenders"). Pursuant to the Agreement, Winston agreed to cap the fees and expenses that it seeks for services rendered in the Bankruptcy Cases of the Debtors through July 31, 2022, at $1,940,529.17. Winston's agreement to cap its fees through July 31, 2022, resulted in a $145,562.50 reduction in fees and expenses that Winston would otherwise have been entitled to seek. In return, the Lenders agreed, among other things, not to object to the allowance of Winston's fees and expenses through July 31, 2022, under the Bankruptcy Code, including pursuant to Section 330, or support any objection to such fees in the Bankruptcy

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

Cases. Winston conferred with the United States Trustee and she indicated that she did not object Winston's agreement to cap its fees pursuant to the Agreement. On October 26, 2022, the Lenders filed their *Preliminary Response to First and Final Fee Application of Winston and Strawn LLP* [Docket No. 608], pursuant to which the Lenders informed the Court that the Lenders and Winston have been engaged in good faith negotiations to resolve certain objections of the Lenders to Winston's Initial Fee Application. As a result of those negotiations, Winston has agreed to an additional $57,000.00 reduction in its fees. Accordingly, Winston has agreed to voluntarily reduce its fees incurred during the Application Period by $202,562.50.

**Question 2**: Are the fees sought in the Application higher by 10% or more as compared to the fees budgeted for the time period covered by the Application?

**Answer**: No.

**Question 3**: Have any of the professionals included in the Application varied their hourly rate based on geographic location of the bankruptcy case?

**Answer**: No.

**Question 4**: Does the Application include time or fees related to reviewing or revising time records and expense entries or preparing, reviewing, or revising invoices? If so, please quantify by hours and fees.

**Answer**: Winston confirms that the Application includes 148 hours and $75,523.00 in fees incurred in connection with the preparation of fee applications relating to reviewing or revising Winston's time records and preparing, reviewing, or revising Winston's invoices during the Application Period. In addition, Winston confirms that the Application includes $20,000.00 in actual fees incurred in connection with the preparation of this Application during the Post-Effective Date period.[3]

**Question 5**: Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify hours and fees.

**Answer**: Winston confirms that the Application includes 9.1 hours and $7,122.50 in fees incurred in connection with reviewing time records to redact any privileged or other confidential information.[4]

---

[3] The figures presented herein do not include the total of $202,562.50 in voluntary fee and expense reductions agreed to during the Application Period and Post Effective Date Period.

[4] The figures presented herein do not include the total of $202,562.50 in voluntary fee and expense reductions agreed to during the Application Period and Post Effective Date Period.

**Question 6**: Does the Application include any rate increases since Winston's retention in this case? If so, did the client agree when retaining the law firm to accept all future rate increases?

**Answer**: No.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: November 9, 2022                               */s/ Timothy W. Walsh*
                                                                          Timothy W. Walsh, Esq. (admitted *pro hac vice*)

4